(R.D. 11466)

MANHATTAN NOVELTY Co. v. UNITED STATES

Entry 1014468.

(Decided on rehearing [Reap. Dec. 10919] January 16, 1968)

*Lane, Young & Fox* for the plaintiff.
*Edwin L. Weisl, Jr.*, Assistant Attorney General, for the defendant.

FORD, Judge: The proper basis for dutiable purposes of certain radios or radio sets covered by the appeal for a reappraisement in the above case is before the court for determination.

The parties hereto have entered into a stipulation of fact wherein it has been agreed as follows:

IT IS STIPULATED AND AGREED by and between counsel for the parties hereto, subject to the approval of the Court:

1. That the merchandise covered by the above appeals for reappraisement consists of radios or radio sets exported from Japan on or about April 1961 (Vessel: Havana Maru).

2. That radios or radio sets are not listed in the Final List published by the Secretary of the Treasury pursuant to the Customs Simplification Act of 1956, T.D. 54521, effective February 27, 1958; and, that the said merchandise was entered for consumption subsequent to February 27, 1958.

3. That on or about the date of exportation of said merchandise, the prices at which such or similar merchandise was freely sold, or, in the absence of sales, offered for sale in the principal markets of Japan, in the usual wholesale quantities and in the ordinary course of trade, for exportation to the United States, including the cost of all con-

tainers and coverings of whatever nature and all other expenses incident to placing the merchandise in condition, packed ready for shipment to the United States, was the appraised value, less the buying commission, as stated on the invoices.

IT IS FURTHER STIPULATED AND AGREED that the above appeal for reappraisement may be submitted for decision upon this stipulation.

Upon the record before the court, I find and hold that export value, as that value is defined in section 402(b), Tariff Act of 1930, as amended by the Customs Simplification Act of 1956, 91 Treas. Dec. 295, T.D. 54165, is the proper basis of value and that said value is the appraised value, less buying commission, as stated on the invoice.

Judgment will be entered accordingly.